UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Marcia B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 21-cv-05694-TLF <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income (SSI) benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

## I.    ISSUES FOR REVIEW

A. Whether the ALJ Properly Considered Using the Older Age Category

B. Whether the ALJ Failed to Properly Evaluate Medical Opinion Evidence

## II.    BACKGROUND

Plaintiff first received SSI benefits in May 1993. Administrative Record ("AR") 246. Plaintiff continued to receive benefits until her incarceration in 2015. AR 448. Plaintiff was released from prison in July 2017 and protectively filed an application for SSI on May 10, 2018. AR 107-08. Plaintiff's application was denied upon official review

(AR 121) and upon reconsideration (AR 141). After plaintiff filed a request for a hearing, Administrative Law Judge ("ALJ") Chris Stuber held a hearing on October 23, 2020. AR 61–91. On November 30, 2020, ALJ Stuber issued a decision finding that plaintiff has not been disabled since filing her May 2018 application. AR 27–60.

Plaintiff seeks judicial review of the ALJ's November 30, 2020 decision. Dkt. 10.

### III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### IV. DISCUSSION

In this case, the ALJ found that plaintiff had the following severe impairments: fibromyalgia; neuropathy; degenerative disc disease of the lumbar spine; cirrhosis; degenerative joint disease of the left shoulder; obesity; post-traumatic stress disorder (PTSD); a major depressive disorder; and a borderline personality disorder. AR 37-38. Based on the limitations stemming from these impairments, the ALJ found that plaintiff could perform a reduced range of light work. AR 41-42.

Relying on vocational expert ("VE") testimony, the ALJ found at step four that plaintiff could not perform her past relevant work, but could perform other light, unskilled jobs at step five of the sequential evaluation; therefore, the ALJ determined at step five that plaintiff was not disabled since filing her application in May 2018. AR 53.

A. <u>Whether the ALJ Properly Considered Using the Older Age Category</u>

The claimant's age category is a vocational factor the Commissioner must consider in deciding whether claimant is disabled. 20 C.F.R. § 404.1563(a). A claimant can belong to three different age categories: "younger person" (under age 50); "closely approaching advanced age" (age 50-54); and "advanced age" (age 55 or older). 20 C.F.R. § 404.1563(b)-(e). The regulations further provide that the Commissioner:

> will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

C.F.R. § 404.1563(b).

But "an ALJ is not *required* to use an older age category, even if the claimant is within a few days or a few months of reaching an older age category." *Lockwood v. Comm'r SSA*, 616 F.3d 1068, 1071 (9th Cir. 2010). The ALJ is required by regulation only to consider whether to use an older age category. *Id.* at 1070. An ALJ is found to have properly considered using the older age category by satisfying the following the requirements: (1) mentioning the plaintiff's date of birth and age in the decision, (2) citing the appropriate regulations, such as 20 C.F.R. §§ 404.1563, 416.963, to indicate that the ALJ knew of the prohibition against mechanically applying age categories in a borderline situation, and (3) evaluating the overall impact of all the factors of a plaintiff's case after relying on VE testimony. *See Id.* at 1072; *Strissel v. Colvin*, No. C16-0374-RJB-MAT, 2016 WL 6242849, at *3 (W.D. Wash. Oct. 5, 2016).

When the ALJ issued his decision, plaintiff was 54 years old and under the "closely approaching advanced age" category, but also two months away from turning

55 and qualifying for the "advanced age" category. Plaintiff contends that this was a borderline situation and the ALJ erred by failing to consider whether to use an older age category. Dkt. 10, pp. 3–9.

Plaintiff argues the first *Lockwood* factor is not satisfied, because the ALJ mistakenly used plaintiff's age as of the date when she filed her application -- rather than plaintiff's age on the date when the ALJ issued the written decision. Dkt. 10, p. 6.

In the November 2020 decision, the ALJ wrote: "The claimant was born on January 7, 1966 and was 52 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963)." AR 52.

Plaintiff correctly points out that in November 2020, plaintiff was 54 years old, contrary to what the ALJ wrote. The Commissioner argues, however, that even though the ALJ erred by mis-stating plaintiff's age, such an error is harmless according to *Dattio v. Berryhill*, 773 Fed. Appx. 878 (9th Cir. 2019). In that case, the Ninth Circuit found that the ALJ erred in stating that plaintiff was 51 years old, even though at the time of the decision, plaintiff was actually 54 years old. *Id*. at 882. However, the Ninth Circuit held that the ALJ's incorrect statement of plaintiff's age in the decision was harmless, because plaintiff still would have fallen under the "approaching advanced age" category and the ALJ properly considered using the older category. *Id*. Here, under the regulations, plaintiff would still be under the "closely approaching advanced age" at either 52 or 54 years old.

Plaintiff next argues the second *Lockwood* factor is not met, because the ALJ did not specifically cite the subsection within the regulations to indicate that he was aware

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 4

that he had the discretion to use the older age category. Dkt. 10, p. pp. 6-7; AR 52. In other words, plaintiff contends that the ALJ should have cited to 20 C.F.R. 416.963(b) instead of generally citing to 20 C.F.R. 416.963. Plaintiff points out that other courts have found that a general citation is not indicative of whether the ALJ considered using the older age category. *See Jeffrey John C. v. Comm'r of Soc. Sec. Admin.*, Case No. 6:19-cv-01990-YY, 2021 WL 677900, at *4 (D. Or. 2021) (finding the generation citation without further comment to be unclear whether the ALJ specifically considered "whether to use the older age category").

In *Lockwood*, the Ninth Circuit found the ALJ's general citation to 20 C.F.R. § 404.156 sufficient as an indicator of the ALJ's consideration of the plaintiff's borderline age situation. 616 F.3d 1068, 1072. The Court similarly finds here that the ALJ's general citation to 20 C.F.R. § 416.963 is enough to indicate that the ALJ knew of the prohibition against the mechanical application of age categories in a borderline situation. The Court, as the Ninth Circuit did in *Lockwood*, "presume[s] that ALJs, know the law and apply it in making their decision." 616 F.3d at 1072 n.3.

Finally, plaintiff argues the third *Lockwood* factor is not satisfied, because the vocational expert ("VE") was unable to hear the age-related portion of the hypothetical posed by the ALJ during the hearing. Dkt. 10, p. 7; AR 85.

During the examination of the VE, the ALJ asked the VE to "assume a hypothetical individual, the same age, education, and work history as the claimant" with similar limitations as plaintiff. *See* AR 85. The VE stated that he could not hear the hypothetical and asked the ALJ to repeat the question. *Id*. The ALJ repeated the

limitations but did not again ask the VE to assume that the hypothetical was about an individual with the same age as claimant. *Id*.

The record shows that VE was present at the start of the hearing when the ALJ asked plaintiff her age, to which she replied, "I am 54. I will be 55 in January." AR 67. The record also shows that after the ALJ repeated his question, the ALJ then asked the VE if he had any further questions about the hypothetical, to which the VE replied in the negative. *See* AR 86. Plaintiff contends the ALJ should have again instructed the VE to assume that the hypothetical individual was the same age as plaintiff. But plaintiff does not explain why the VE would not know plaintiff's age (given that the VE attended the entire hearing) or that the VE lacked clarity on whether it was necessary to answer the ALJ's hypothetical based on an individual of the same age as plaintiff.

Accordingly, the Court finds the requirements of *Lockwood* are met.

Plaintiff also argues that the ALJ erred by not applying the borderline age rules according to the Commissioner's Program Operations Manual ("POMS"), which states that in a borderline situation, the ALJ will "consider using the higher age category if it results in a favorable determination, after [the ALJ] evaluates all factors (residual functional capacity (RFC), age, education, and work experience) of the claim." *See* Dkt. 10, pp. 7–9; POMS, DI 25015.006 Borderline Age. Plaintiff contends that the facts in her case support the application of the older age category as outlined in POMS.

However, "POMS constitutes an agency interpretation that does not impose judicially enforceable duties on either this court or the ALJ." *Lockwood*, 616 F.3d at 1073. Agency interpretations are "entitled to respect," but only to the extent they have the "power to persuade." *Id.* (internal quotation marks and quoted sources omitted). *See*

also *Barreras v. Saul*, 803 Fed. Appx. 70, 72 (9th Cir. 2020) (finding it "inconsequential" if the ALJ's decision was contrary to POMS when determining whether to use a higher age category because the manual is not binding on the ALJ or the court).

In sum, the ALJ met the requirements of *Lockwood*, and because POMS is neither binding on the ALJ or the Court, there is no need for a remand based on this issue.

      B.  <u>Whether the ALJ Properly Evaluated Medical Opinion Evidence</u>

Plaintiff assigns error to the ALJ's decision to discount the medical opinion of Dr. Hampton and to reject the medical opinion of Dr. Packer. Dkt. 10, pp. 11–13.

      1.  <u>Medical Opinion Standard of Review</u>

Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinions of an examining doctor, and "specific and legitimate" reasons to reject the contradicted opinions of an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

The Social Security Administration changed the regulations applicable to evaluation of medical opinions; hierarchy among medical opinions has been eliminated, but ALJs are required to explain their reasoning and specifically address how they considered the supportability and consistency of each opinion. *See* 20 C.F.R. § 416.920c; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).

Regardless of whether a claim pre- or post-dates this change to the regulations, an ALJ's reasoning must be supported by substantial evidence and free from legal error. *Ford v. Saul*, 950 F.3d 1141, 1153-56 (9th Cir. 2020) (citing *Tommasetti v. Astrue*,

533 F.3d 1035, 1038 (9th Cir. 2008)); *see also Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983).

Under 20 C.F.R. § 416.920c(a), (b)(1)-(2), the ALJ is required to explain whether the medical opinion or finding is persuasive, based on whether it is supported and whether it is consistent.

2.  Opinion of Dr. Hamilton

Hayden Hamilton, M.D. evaluated plaintiff on November 8, 2018 by reviewing her records and performing a physical examination. AR 816-22. Dr. Hamilton opined that plaintiff could lift 10 pounds occasionally and frequently. AR 820.

Plaintiff assigns error the ALJ's finding that Dr. Hamilton's opinion was not persuasive because it was (1) inconsistent with his own notes and (2) the longitudinal record. Dkt. 10, pp. 9–12.

As a preliminary matter, the Commissioner argues that the new Social Security regulations have affected the legal standards an ALJ must use when evaluating medical opinions, and that this Court should abandon the "clear and convincing" and "specific and legitimate" legal standards used for when rejecting opinions of an examining physician. Dkt. 11, pp. 8–11. The only question, according to the government, is whether the ALJ explained "the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of a medical opinion." *Id*.

The Ninth Circuit has not yet considered the 2017 regulations, or whether the change in regulations will cause the Court of Appeals to reevaluate its holdings regarding the legal standards of "clear and convincing" or "specific and legitimate." The Court is bound by precedent of the Ninth Circuit and may not overrule a decision of the United States Court of Appeals for the Ninth Circuit. See *In re Albert-Sheridan*, 960 F.3d

1188, 1192–93 (9th Cir. 2020) (the decision of a three-judge panel of the Ninth Circuit cannot be overruled by a different three-judge panel; only a decision of the en banc panel of the Ninth Circuit, or a decision of the United States Supreme Court, may overturn a decision of a three-judge panel of the Ninth Circuit); *In re Walldesign, Inc.*, 872 F.3d 954, 969 (9th Cir. 2017) (unless there is intervening Supreme Court or Ninth Circuit en banc precedent, a legal test that has been adopted by a three-judge panel will not be overturned); *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001) (published opinions of a three-judge panel are binding authority in the Ninth Circuit, unless a published opinion is overturned by an en banc decision, or the United States Supreme Court).The Ninth Circuit has not yet considered the 2017 regulations, or whether the change in regulations will cause the Court of Appeals to reevaluate its holdings regarding the legal standards of "clear and convincing" or "specific and legitimate" reasons for an ALJ to reject medical opinions.

      The Ninth Circuit has repeatedly held that an ALJ must have specific, legitimate reasons supported by substantial evidence in order to reject or discount the opinion of an examining doctor if the opinion is contradicted by another doctor's opinion. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995); *Ryan v. Commissioner of Social Sec.*, 528 F.3d 1194, 1198-99 (9th Cir. 2008). The "specific and legitimate reasons" language used by the Ninth Circuit in precedent is an appellate standard – established in *Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983), for determining whether the ALJ erred; it is not an interpretation of the Social Security statutes or the 2017 revisions to the federal regulations promulgated by the Social Security Administration. *Cf. Kisor v. Wilkie*, 139 S.Ct. 2400, 2412-2418 (2019) (explaining the Court gives *Auer* deference

1 only if the agency's rule is ambiguous, the agency's interpretation is reasonable, and it
2 is an authoritative and considered judgment of the agency); *Larson v. Saul*, 967 F.3d
3 914, 925 (9th Cir. 2020) (recognizing the Social Security Administration has authority to
4 make rules carrying the force of law, under 42 U.S.C. § 405(a)).

5  Therefore, the Social Security Administration's new regulations cannot
6 supersede this long-standing substantive legal standard, which is subject to stare
7 decisis as precedent from the Ninth Circuit Court of Appeals. *See Kathleen G. v.*
8 *Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov.
9 10, 2020) (finding the new regulations do not clearly supersede the "specific and
10 legitimate" standard because the "specific and legitimate" standard refers not to how an
11 ALJ should weigh or evaluate opinions, but rather the standard by which the Court
12 evaluates whether the ALJ has reasonably articulated his or her consideration of the
13 evidence).

14  In this case, Dr. Hamilton's opinion regarding plaintiff's lifting limitation was
15 contradicted by the opinion a of state agency consultant. AR 1144. The Court will
16 therefore consider whether the ALJ specifically and legitimately explained how the ALJ
17 considered the supportability and consistency factors regarding Dr. Hamilton's opinion.
18 *Ryan*, 528 F.3d at 1198–99.

19  The ALJ's first reason for discounting Dr. Hamilton's opinion was its
20 inconsistency with Dr. Hamilton's own notes. AR 45. An ALJ may give less weight to a
21 physician's opinion if the physician's clinical notes and recorded observations contradict
22 the physician's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Here,
23 the ALJ found that Dr. Hamilton's opinion about plaintiff's ability to lift a maximum of 10

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 10

pounds was contradicted by Dr. Hamilton's own observations that plaintiff could ambulate, walk, and get on and off the exam table independently. AR 45 (citing AR 818). The ALJ pointed to plaintiff's ability to tandem walk, toe walk, heel walk, and plaintiff's normal motor strength, sensory exam, and deep reflexes. AR 45 (citing AR 819).

These observations do not negate Dr. Hamilton's opinion about plaintiff's lifting abilities. Dr. Hamilton explained that plaintiff's ability to lift a maximum of 10 pounds was due to "chronic neck pain without radicular symptoms, chronic back pain without radicular symptoms, impaired sensation in the right thumb, diffuse tenderness throughout her body, impaired range of motion of the left shoulder and acromioclavicular degenerative joint disease." AR 820. The observations the ALJ cited do not necessarily relate to these issues Dr. Hamilton explained as the reason for plaintiff's lifting and carrying capacity. The normal findings cited by the ALJ do not necessarily negate Dr. Hamilton's opinion, either. Plaintiff's normal motor strength was in her "bilateral upper and lower extremities" and Dr. Hamilton found that plaintiff's "pin prick is impaired in the right thumb." AR 819-20. The ALJ's first reason for discounting Dr. Hamilton's opinion is not supported by substantial evidence as there were no inconsistencies between Dr. Hamilton's opinion and his own notes and observations.

Regarding the ALJ's second reason, a finding that a physician's opinion is inconsistent with the medical record may serve as a specific and legitimate reason for discounting it. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014). Here, the ALJ pointed to plaintiff's function indicating she was having no problems with

1  lifting, and to medical records showing plaintiff had no weak limbs and plaintiff had
2  normal gait, motor strength and tone, and movement of all extremities. AR 243, 1451,
3  1462-63. Therefore, the Court finds that the ALJ had substantial evidence to support
4  this reason, and did not err.

5        As the ALJ has provided one valid reason, supported by substantial evidence, for
6  discounting Dr. Hamilton's opinion, the Court finds that the previous error (consistency
7  between the opinion of Dr. Hamilton, and the doctor's own notes) committed by the ALJ
8  was harmless. *See Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155,
9  1162-1163 (9th Cir. 2008).

10        3.  <u>Opinion of Dr. Packer</u>
11        Brent Packer, M.D. reviewed plaintiff's medical records, including assessments
12  by Dr. Niems (10-19-2018), AR 784-799, and Dr. Staker (10-3-2018), AR 800-813; on
13  November 2, 2018 and opined that plaintiff's work-related limitations were "marked" for
14  "Gross/fine motor restrictions and ability to maintain regular workplace attendance". AR
15  1140. Dr. Packer opined that plaintiff's highest work activity would be "less than
16  sedentary." AR 1140.

17        Plaintiff assigns error to the ALJ's decision not to discuss Dr. Packer's opinion.
18  Dkt. 10, pp. 12–13. The Commissioner admits that the ALJ did not discuss Dr. Packer's
19  opinion, but insists that the ALJ's error was harmless. Dkt. 11, p. 11–13.

20        An ALJ errs when they reject a medical opinion by ignoring it or by asserting,
21  without explanation, that other evidence is more persuasive. *Garrison v. Colvin*, 759
22  F.3d 995, 1012 (9th Cir. 2014). Further, the Ninth Circuit has concluded that it is not
23  harmless error for the ALJ to fail to discuss a medical opinion. *Hill v. Astrue,* 698 F.3d
24  1153, 1160 (9th Cir. 2012) (*citing* 20 C.F.R. § 404.1527(c) (noting that this Ruling

25

requires the evaluation of "every medical opinion" received)). Here, the ALJ made no mention of Dr. Packer's medical opinion in his entire decision, even though it was included in the list of exhibits. AR 59.

The Commissioner contends that the ALJ's failure to discuss Dr. Packer's opinion was harmless because "there is no reasonable likelihood that it would have affected the ALJ's assessment of Plaintiff's residual functional capacity." Dkt. 11, p. 13. But this reasoning is an ad hoc justification of the ALJ's omission of Dr. Packer's opinion. Yet, Dr. Packer's opinion found more restrictive physical limitations and would have potentially changed the hypothetical given to the VE. See AR 87-88. The Court will not speculate on what the ALJ would possibly have thought about Dr. Packer's opinion, if the ALJ had actually considered it. *See Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir.2003) (error to affirm ALJ's credibility decision based on evidence ALJ did not discuss). Therefore, the Court finds that the ALJ's failure to address Dr. Packer's medical opinion was harmful error.

V. REMAND WITH INSTRUCTIONS FOR FURTHER PROCEEDINGS

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels v. Berryhill,* F.3d 648, 668 (9th Cir. 2017).

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

As discussed above, the ALJ harmfully erred with respect to Dr. Packer's medical opinion. On remand, the ALJ is directed to evaluate Dr. Packer's opinion and allow plaintiff to provide additional testimony and evidence, as necessary to clarify the record.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred in finding plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 4th day of April, 2022.

Theresa L. Fricke
United States Magistrate Judge